## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACHARY R. WILLIAMS, | |
| Plaintiff, | 8:15CV464 |
| vs. | |
| AVERITT EXPRESS, VERNA BAZILE, and RUSSELL STOVER CANDIES, LLC, | ORDER |
| Defendants. | |

This matter is before the court on the defendants Averitt Express and Verna Bazile's Motion to Strike (Filing No. 6). The moving defendants filed a brief (Filing No. 7) in support of their motion. The moving defendants seek to have the court strike paragraphs eighteen through thirty-five of the plaintiff's Complaint (Filing No. 2 p. 1-8). **See** Filing No. 6 - Motion p. 1. The moving defendants contend these paragraphs contain redundant, immaterial, impertinent, and/or argumentative or conclusory statements. *Id.* The plaintiff did not oppose the motion and the defendant Russell Stover Candies, LLC did not participate in briefing.

## BACKGROUND

The plaintiff filed this action alleging he sustained injuries when Verna Bazile backed a semi-tractor and trailer owned by Averitt Express toward a loading platform at the rear of a retail store operated by Russell Stover Candies, LLC. **See** Filing No. 2 - Complaint ¶¶ 36, 38-46. The moving defendants removed this action from the District Court of Douglas County, Nebraska. **See** Filing No. 1. They have not yet filed an answer. Instead these defendants filed a motion to strike pursuant to "[Federal Rule of Civil Procedure] 12(f) and the pleading standards set forth in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007) and ***Ashcroft v. Iqbal***, 556 U.S. 662 (2009)." Filing No. 7 - Brief p. 1, 3-4 (noting those standards apply to a motion under Rule 12(b)(6)); **see** Filing No. 6 - Motion p. 1.

The moving defendants' motion to strike has two parts. **See** Filing No. 6. First, the moving defendants seek to strike five allegations contained in the plaintiff's Complaint

under the heading "Scope of Liability" contained in paragraphs eighteen through twenty-two. *Id.*; Filing No. 2 - Complaint p. 2-4. These paragraphs state:

> 18. Performing this process is difficult for any tractor-trailer driver.
> 19. Performing this process is much more difficult for a driver who is tired, at the end of a long day.
> 20. If the driver performing this process is not precise and careful that driver can push his trailer into anyone or anything around him.
> 21. If the driver performing this process is not precise and careful that driver can damage or destroy property.
> 22. If the driver performing this process is not precise and careful that driver can injure or kill anyone nearby.

Filing No. 2 - Complaint p. 4.

The moving defendants also seek to strike all of the allegations in the plaintiff's Complaint under the heading of "Breach." **See** Filing No. 6 - Motion p. 1; Filing No. 2 - Complaint p. 5. Each of these allegations names either Averitt Express or Verna Bazile, or both. **See** Filing No. 2 - Complaint p. 5. Nevertheless, the moving defendants argue the allegations are generic, conclusory, and could refer to any trucking accident. **See** Filing No. 7 - Brief p. 3. For example, the Complaint alleges, "Averitt Express did not reasonably investigate the driving qualifications and safety record of Verna Bazile." Filing No. 2 - Complaint ¶ 23. The moving defendants contend the allegations are speculative, without factual support, and even contradictory. **See** Filing No. 7 - Brief p. 4. For example the Complaint alleges, "Averitt Express did not have reasonable safety rules . . . ." (Filing No. 2 - Complaint ¶¶ 24, 26, 28), then it "did not follow its own safety rules . . . ." (*Id.* ¶¶ 25, 27, 29), and finally "Verna Bazile did not know Averitt Express' safety rules. . . ." (*Id.* ¶ 33). The moving defendants contend the plaintiff's allegations are insufficient "to raise a right to relief above the speculative level." **See** Filing No. 7 - Brief p. 3-4 (**quoting *Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007) and ***Ashcroft v. Iqbal***, 556 U.S. 662 (2009)).

**ANAYLSIS**

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **See** Fed. R. Civ. P. 12(f). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). ***BJC Health Sys. v. Columbia Cas. Co.***, 478

2

F.3d 908, 917 (8th Cir. 2007). However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings. **See** *id.*; **Stanbury Law Firm v. I.R.S.**, 221 F.3d 1059, 1063 (8th Cir. 2000). In fact, "[t]he rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." **Big Cats of Serenity Springs, Inc. v. Vilsack**, 84 F. Supp. 3d 1179, 1198 (D. Colo. 2015) (citation omitted). Accordingly, a motion to strike will be denied if the content sought to be stricken "is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." **Lunsford v. United States**, 570 F.2d 221, 229 (8th Cir. 1977) (quotation omitted). Similarly, "the Eighth Circuit Court of Appeals has ruled that even matters that are not 'strictly relevant' to the principal claim at issue should not necessarily be stricken, if they provide 'important context and background' to claims asserted or are relevant to some object of the pleader's suit." **Holt v. Quality Egg, L.L.C.**, 777 F. Supp. 2d 1160, 1168 (N.D. Iowa 2011).

> Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous matters are allegations that unnecessarily reflect on the moral character of an individual or state anything in repulsive language that detracts from the dignity of the court. To prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant.

**Freydl v. Meringolo**, No. 09 Civ. 07196, 2011 WL 2566082, at *1 (S.D.N.Y. June 16, 2011) (internal quotations and citations omitted) (noting "granting the motion to strike is not warranted where prejudice is not clearly demonstrated"); **see Corrections USA v. Dawe**, 504 F. Supp. 2d 924, 938 (E.D. Cal. 2007); **Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York**, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003) (noting "prejudice is not assumed simply by the inclusion in the . . . complaint of the verbose, immaterial, conclusory, or evidentiary matter"). Accordingly, allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible. **United States v. Shell Oil Co.**, 605 F. Supp. 1064, 1085 (D. Colo. 1985). Finally, a party must usually make a showing of prejudice before a court

will grant a motion to strike. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).

The Scope of Liability allegations contained in paragraphs eighteen through twenty-two serve no essential or important relationship to the claim for relief. The subject matter of these immaterial allegations may bear on the same topic as the current litigation; however, the general comments do not fairly present a question of fact for consideration for these parties. The moving defendants are burdened by their attempts to respond to the broad generalizations. Therefore, the court will grant the moving defendants' motion to strike paragraphs eighteen through twenty-two from the plaintiff's Complaint.

Nevertheless, the moving defendants fail to show the challenged Breach allegations have no bearing on the subject matter of the litigation. The allegations are not necessarily contradictory, as argued by the plaintiff. Certainly, the plaintiff's allegations relate to the plaintiff's theory of the manner in which the moving defendants may have breached a duty of care and such theory is subject to potential rebuttal by the defendants. Moreover, if subsequent discovery reveals the Complaint overstates the defendants' method of breach or liability, steps may be taken at that time to remedy such overstatement. The moving defendants cite standards for a motion to dismiss, which standards do not apply at this time. The plaintiff's belief about the defendants' conduct, investigation, and safety rules, even if disputable, does not require the allegations stricken. Moreover, such allegations fairly present a question of fact. Accordingly, the defendants' motion will be denied with respect to paragraphs twenty-three through thirty-five. Upon consideration,

**IT IS ORDERED**:

1. Averitt Express and Verna Bazile's Motion to Strike (Filing No. 6) is granted as to paragraphs eighteen through twenty-two and denied in all other respects.

2. The plaintiff shall have until **February 19, 2016**, to file an Amended Complaint consistent with this Order.

Dated this 11th day of February, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge